**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

LUIS ALBERTO RAMREZ ESTRADA,

Petitioner,

v. No. 1:26-cv-03314-KG-JMR

MARKWAYNE MULLIN, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Luis Alberto Ramrez Estrada's Petition for Writ of Habeas Corpus. Doc. 1, and the Government's Response, Doc. 6. Petitioner requests a bond hearing under 8 U.S.C. § 1226(a) or, in the alternative, seeks release under reasonable conditions of supervision. Doc. 1 at 17. Because Petitioner has received a bond hearing under § 1226(a), the Court denies the petition.

Petitioner is a native and citizen of Mexico. Doc. 1 at 1. He entered the United States in 2006 without inspection. Doc. 1 at 1; Doc. 6 at 2. Immigration and Customs Enforcement officers arrested Petitioner in Yakima, Washington, on August 26, 2026. Doc. 1 at 2; Doc. 6 at 1. On October 19, 2026, a bond hearing was held and an immigration judge denied bond, determining that Petitioner "did not meet his burden to show he is not a flight risk or that flight risk could be mitigated by bond. [Petitioner] has been in the United States for 20 years. He entered without inspection. During that time, he worked without work authorization. He has not provided adequate sponsor evidence. He has not filed an application for relief for removal." Doc. 6 at 11. Petitioner remains detained at the Torrance County Detention Center in Estancia, New Mexico. Doc. 1 at 2.

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973). Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

Petitioner, arrested in the interior of the country, is detained under § 1226. Doc. 6 at 1. Section 1226(a) "authorizes the Government to detain certain [noncitizens] already in the country pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Noncitizens detained under § 1226(a) are entitled to bond hearings "at the outset of detention." *Id.* at 306. Here, Petitioner received a bond hearing, and an immigration judge denied Petitioner bond, finding that Petitioner "did not meet his burden to show he is not a flight risk or that flight risk could be mitigated by bond." Doc. 6 at 11. Because Petitioner has received the process he is due, his continued detention pending removal proceedings is lawful.

Petitioner may seek review of the immigration judge's bond decision by pursuing an appeal to the Board of Immigration Appeals or by filing a request for a bond redetermination with the appropriate authorities. *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); *see also* 8 CFR § 236.1(d)(1), (3).

Petitioner's Petition for Writ of Habeas Corpus, Doc. 1, is denied. Respondents Motion for Extension of Time to File Response/Reply, Doc. 5, is granted. The Court dismisses the petition without prejudice. Petitioner may file a subsequent petition should the facts of his detention change.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales____________________
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.